Shelley Latin, OSB No. 032253
shelley.latin@lasoregon.org
Legal Aid Services of Oregon
P.O. Box 1327
Pendleton, OR 97801
Tel: 541-276-6685
Fax: 541-276-4549

(Additional Counsel Listed on Last Page)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Medford Division

| | |
|---|---|
| **OSCAR CASTANEDA-ARROYO** | |
| **CARLOS EDUARDO FLORES-CASTANEDA** | |
| **JULIO CESAR REYES-FALCON** | Civil No. |
| **MANUEL ALEJANDRO SANCHEZ-MUÑOZ** | |
| **FELIPE TORRES-AVIÑA** | COMPLAINT |
| **SILVESTRE TORRES-AVIÑA** | |
| | |
| Plaintiffs, | Migrant and Seasonal Agricultural |
| | Worker Protection Act; Fair Labor |
| vs. | Standards Act; Oregon Contractors |
| | Registration Act; Oregon Wage Laws |
| **SUMMITT FORESTS, INC.**, an Oregon | |
| Corporation | |
| **SCOTT NELSON** | |
| **VICENTE IBARRA-MUÑOZ** | |
| **ISMAEL IBARRA-MUÑOZ** | |
| **GORGONIO IBARRA-MUÑOZ** | |
| | |
| Defendants. | |

I. INTRODUCTION

1.  Plaintiffs were recruited by Defendants from their homes in Mexico to come to

Oregon under H-2B temporary labor visas to work in reforestation.  Defendants misrepresented

the terms of employment, and plaintiffs were required to incur expenses in Mexico that were for

the benefits of defendants.  Plaintiffs were not properly paid for their work after they arrived in

Oregon.  They raise claims for violations of their rights under the Migrant and Seasonal

Agricultural Workers Protection Act, 29 U.S.C. §§ 1801, *et seq.*, ("AWPA"); the Fair Labor

Standards Act, 29 U.S.C. §§ 201, *et seq.*, ("FLSA"); the Oregon Farm and Forest Labor

Contractor Registration Act, ORS 658.405, *et seq.*, ("OCRA"); and Oregon state wage laws.

## II.  JURISDICTION

2.   Jurisdiction over plaintiffs' claims is conferred by 28 U.S.C. §1331, this action arising

under the laws of the United States; 28 U.S.C. § 1337, this action arising under an Act of

Congress regulating commerce; 29 U.S.C. § 1854, this action arising under the Migrant and

Seasonal Agricultural Worker Protection Act ( AWPA); and 29 U.S.C.§ 216, this action arising

under the Fair Labor Standards Act (FLSA).

3.   Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of the claims

based on the laws of Oregon, as they are so related to claims within the Court's original

jurisdiction that they form part of the same case and controversy under Article III of the United

States Constitution.

## II.  PARTIES

4.   At all relevant times, plaintiffs were migrant agricultural workers within the meaning

of the AWPA, 29 U.S.C. § 1802(8)(A), in that they worked in agricultural employment of a

seasonal or temporary nature and were required to be absent overnight from their permanent

place of residence.

5.   At all relevant times, plaintiffs were seasonal farmworkers within the meaning of ORS

652.145 in that they performed temporary farm or forest labor for another.

6.   At all relevant times, defendant Summitt Forests, Inc. (hereinafter Summitt) was a

California corporation authorized by the Oregon Secretary of State to do business in the state of Oregon with its principal office in Jackson County, Oregon.

7.  At all relevant times, defendants Scott Nelson, Vicente Ibarra-Muñoz, Ismael Ibarra-Muñoz and Gorgonio Ibarra-Muñoz, were agents or employees of Summitt.

8.  At all relevant times, defendants were farm labor contractors or engaged in farm labor contracting activities within the meaning of the AWPA, 29 U.S.C. § 1802(6) and (7), and OCRA, ORS 658.405(4).

## III.  FACTS

9.  Defendants employed plaintiffs to perform forestry work in and around Medford, Oregon and in various other states during 2011.

10.  At all relevant times, Scott Nelson ("Nelson") was the president and/or owner of defendant Summitt.

11.  At all relevant times, Vicente Ibarra-Muñoz, Ismael Ibarra-Muñoz and Gorgonio Ibarra-Muñoz, solicited, recruited, hired, furnished, employed and /or supplied one or more of the plaintiffs to perform forestry work for defendants Summitt and Nelson.

12.  Defendants did not accurately ascertain and disclose to each plaintiff in writing the terms and conditions of employment at the time of each plaintiff's recruitment.

13.  Among other things, defendants represented to plaintiffs that the employer would provide all tools, equipment and protective clothing needed to perform their jobs, but did not provide those items.

14.  Plaintiffs did not begin work until approximately one week after arriving in Medford.

15.  Each plaintiff was required to take an advance on wages to purchase boots, gloves and other tools need to perform their jobs, and food while waiting for work to begin.

16. Defendants Vicente Ibarra-Muñoz, Ismael Ibarra-Muñoz and Gorgonio Ibarra-Muñoz did not provide defendant Summitt, or any other farm labor contractor or agricultural employer to which Summitt furnished plaintiffs, copies of all records with respect to each plaintiff which defendant Summitt was required to retain under the AWPA.

17. Defendants did not provide plaintiffs with written disclosures of required terms of employment in Spanish, the language in which plaintiffs are fluent and in which defendants communicate with plaintiffs.

18. Defendants did not post in a conspicuous place at all places of plaintiffs' employment a poster provided by the Secretary of Labor setting forth the rights and protections afforded migrant workers under the AWPA.

19. Defendants did not post in a conspicuous place or present to plaintiffs the terms and conditions of occupancy of housing provided to plaintiffs.

20. A part of the working arrangement between plaintiffs and defendants was a requirement that defendants pay plaintiffs the prevailing hourly wage specified by the United States Department of Labor for each hour plaintiffs worked.

21. Defendants violated the terms of the working arrangements with plaintiffs without justification, including among other things, failing to pay the prevailing wage specified by the Department of Labor for each hour of work, failing to pay for required tools and protective equipment, failing to pay return transportation, and recruiting plaintiffs for employment that did not meet the terms and conditions promised.

22. Defendants blacklisted or otherwise discriminated against each plaintiff because he contacted Legal Aid Services of Oregon regarding his legal rights under the AWPA, OCRA and wage laws.

23. Defendants deducted varying amounts from each plaintiff's wages without providing accurate disclosures regarding the purpose and amounts of said deductions.

24. Each plaintiff was required to pay approximately $600 for transportation, recruitment, food, visa fees, and other costs of travel from his home in Mexico to Medford.

25. These costs incurred by plaintiffs were for the primary benefit or convenience of defendants.

26. These costs were not for the private benefit of the plaintiffs.

27. Defendants Summit and Nelson did not refund these costs to each plaintiff in the first work week to the extent that those costs brought the plaintiffs' wages below the state or federal minimum wage or the prevailing wage set by the United Department of Labor ("prevailing wage").

28. Defendants Summit and Nelson did not pay each plaintiff the federal minimum wage in one or more work weeks during the course of their employment.

29. Defendants Summit and Nelson did not pay each plaintiff the Oregon minimum wage in one or more work weeks during the course of the their employment.

30. Defendants Summit and Nelson did not pay each plaintiff the prevailing wage in one or more work weeks during the course of the their employment.

31. Defendants terminated each plaintiff's employment on or about September 19, 2011.

32. Defendants Summit and Nelson did not pay each plaintiff all earned and unpaid wages immediately or within 48 hours of the termination of plaintiff's employment with defendant.

33. Defendants Summit and Nelson did not pay each plaintiff's return transportation at the termination of his employment.

34.  At all relevant times, defendants Vicente Ibarra-Muñoz, Ismael Ibarra-Muñoz and Gorgonio Ibarra-Muñoz, did not carry or possess a certificate of registration from the United States Department of Labor to act as farm labor contractors.

35.  At all relevant times, defendants Vicente Ibarra-Muñoz, Ismael Ibarra-Muñoz and Gorgonio Ibarra-Muñoz, did not carry or possess a certificate of registration from the United States Department of Labor authorizing each of them to perform farm labor contracting activities as an employee of defendant Summitt.

36.  At all relevant times, defendants Vicente Ibarra-Muñoz, Ismael Ibarra-Muñoz and Gorgonio Ibarra-Muñoz, did not carry or possess a valid farm labor contractor license issued to each of them by the Commissioner of the Oregon Bureau of Labor and Industries pursuant to ORS 658.410.

37.  At all relevant times, Vicente Ibarra-Muñoz, Ismael Ibarra-Muñoz and Gorgonio Ibarra-Muñoz were not licensed as farm labor contractors subject to an employee indorsement pursuant to ORS 658.411.

38.  At all relevant times, Vicente Ibarra-Muñoz, Ismael Ibarra-Muñoz and Gorgonio Ibarra-Muñoz were not licensed as farm labor contractors subject to a reforestation indorsement pursuant to ORS 658.417(1).

39.  At all relevant times, defendants Summitt and  Nelson knowingly used Vicente Ibarra-Muñoz, Ismael Ibarra-Muñoz and Gorgonio Ibarra-Muñoz to perform farm labor contracting activities

40.  At all relevant times, defendants Summitt and Nelson assisted Vicente Ibarra-Muñoz, Ismael Ibarra-Muñoz and Gorgonio Ibarra-Muñoz to act as unlicensed farm labor contractors.

41.  Defendants did not furnish to plaintiffs at the time of hiring, recruiting, soliciting or

supplying plaintiffs for employment, a written statement in English and Spanish that contained the information required by ORS 658.440(1)(f), including but not limited to, an accurate description of the terms and conditions of employment.

42.  At the time of hiring and prior to plaintiffs performing any work, defendants did not execute a written agreement with plaintiffs in English and Spanish that contained the information required by ORS 658.440(1)(g), including but not limited to, an accurate description of the terms and conditions of employment.

43.  Defendants Summit and Nelson did not file with the Oregon Bureau of Labor and Industries all work agreements between the defendants and plaintiffs under which plaintiffs performed labor for defendants.

44.  Defendants Summit and Nelson did not substantially comply with requirements to provide field sanitation facilities, including but not limited to, failing to provide access to toilets.

45.  During his employment Julio Cesar Reyes-Falcon suffered an on-the-job injury.

46.  Defendants Summit and Nelson did not provide plaintiff Julio Cesar Reyes-Falcon workers' compensation benefits for his on-the-job injury.

47.  During the course of their employment, plaintiffs worked on products that were produced for movement in interstate commerce or for incorporation as an ingredient in products that could be anticipated to move in interstate commerce.

48.  On or about February 19, 2013, plaintiffs timely filed a complaint with the commissioner of the Oregon Bureau of Labor and Industries regarding the OCRA violations alleged in this complaint.

49.  Pursuant to 29 U.S.C. § 1854(c)(2), plaintiffs attempted in good faith to resolve the issues in dispute without litigation.

50.  Defendants' violations were intentional under the AWPA, 29 U.S.C. § 1854(c)(1).

51.  Plaintiffs will continue to work seasonally in agriculture and would be willing to work for defendants if defendants comply with applicable laws, and therefore, will suffer harm unless defendants are enjoined from future law violations and seek injunctive relief to prevent future violations, pursuant to 29 U.S.C. § 1854(c) and ORS 658.475.

52.  As a result of defendants' violations of the AWPA, OCRA, FLSA, and Oregon wage and anti-retaliation laws plaintiffs have suffered damages for which they are entitled to recover.

IV. CLAIMS FOR RELIEF

( First Claim for Relief - AWPA)

53.  Defendants Summit and Nelson failed at the time of recruitment to ascertain and disclose all terms and conditions of employment to plaintiffs, in violation of 29 U.S.C. § 1821(a) and attendant regulations.

54.  Defendants failed to post in a conspicuous place or present plaintiffs a statement of the terms and conditions of occupancy of housing provided to plaintiffs, in violation of  29 U.S.C. § 1821(c) and attendant regulations.

55.  Defendants Summit and Nelson failed to make, keep, and preserve the payroll information required by the AWPA relating to its employment of plaintiffs, in violation of 29 U.S.C. § 1821(d)(2) and attendant regulations.

56.  Defendants Summit and Nelson failed to provide plaintiffs with a written statement for each pay period with all the information required by 29 U.S.C. § 1821(d)(1), in violation of 29 U.S.C. § 1821(d)(2) and its attendant regulation, 29 C.F.R. § 500.80(d).

57.  Defendants Vicente Ibarra-Muñoz, Ismael Ibarra-Muñoz and Gorgonio Ibarra-Muñoz failed to provide to any other farm labor contractor or agricultural employer to which defendants

furnished plaintiffs, copies of all records with respect to each plaintiff which such farm labor

contractor or agricultural employer was required to retain, in violation of 29 U.S.C. § 1822.

58.  Defendants Summit and Nelson failed to provide each plaintiff with all required

written disclosures in the language in which they are fluent, in violation of 29 U.S.C. § 1821(g).

59.  Defendants Summit and Nelson failed to pay each plaintiff his wages when due, in

violation of 29 U.S.C. § 1822(a) and its attendant regulation, 29 C.F.R. § 500.81.

60.  Defendants Summit and Nelson violated, without justification, the terms of the

working arrangements with plaintiffs, in violation of 29 U.S.C. §1822(c).

61.  Defendants Summit and Nelson utilized the services of farm labor contractors or

farm labor contractor employees to supply migrant or seasonal agricultural workers without first

taking reasonable steps to determine that each farm labor contractor possessed a certificate of

registration that was valid and that authorized the activity for which the contractor was utilized,

in violation of 29 U.S.C. § 1842.

62.  Defendants blacklisted or otherwise discriminated against plaintiffs, in violation of

29 U.S.C. § 1855(a).

63.  Defendants Summit and Nelson failed to obtain at each place of employment and

make available for inspection to plaintiffs, a written statement of the terms and conditions of the

employment as described in section 1821(b), in violation of 29 U.S.C. § 1843.

64.  Defendants Vicente Ibarra-Muñoz, Ismael Ibarra-Muñoz and Gorgonio Ibarra-Muñoz

engaged in farm labor contractor activities in relation to plaintiffs without a certificate of

registration from the United States Department of Labor, in violation of 29 U.S.C. § 1811(a).

65.  Defendants Summit and Nelson hired, employed or used individuals to perform farm

labor contracting activities who had no certificate of registration, or a certificate of registration as

an employee of the farm labor contractor employer, which authorizes the activity for which

defendants hired, employed or used those individuals, in violation of 29 U.S.C. § 1811(b).

66.  Plaintiffs seek relief pursuant to 29 U.S.C. § 1854.

(Second Claim for Relief - FLSA)

67.  Defendants Summit and Nelson failed to pay plaintiffs the federal minimum wage in

one or more pay periods, in violation of 29 U.S.C. § 206(a)(1).

68.  Defendants Summit and Nelson did not refund to each plaintiff the costs that the

plaintiff incurred for the benefit of defendants in coming to Oregon to work during the first pay

period to the extent such costs caused that plaintiff's wages to fall below the minimum required

by FLSA.

69.  Plaintiffs seek relief pursuant to 29 U.S.C. § 216(b).

(Third Claim for Relief - Oregon Minimum Wage)

70.  Defendants Summit and Nelson failed to pay each plaintiff the Oregon minimum

wage in one or more pay periods, in violation of ORS 653.025.

71.  Defendants Summit and Nelson did not refund to each plaintiff the costs that the

plaintiff incurred in coming to Oregon to work that were not for the plaintiff's private benefit

during the first pay period to the extent such costs caused that plaintiff's wages to fall below the

minimum required by Oregon minimum wage law.

72.  Plaintiffs seek relief pursuant to ORS 653.055.

(Fourth Claim for Relief - Oregon Wage Law)

73.  Defendants Summit and Nelson failed to pay plaintiffs all of their earned and unpaid

wages immediately or within 48 hours of the end of plaintiffs' employment with defendants, in

violation of ORS 652.145.

74.  Plaintiffs seek relief pursuant to ORS 652.150.

(Fifth Claim for Relief - Oregon Wage Claim Anti-Discrimination Law)

75.  Defendants discriminated against each plaintiff because he discussed, inquired about or consulted an attorney about a wage claim, in violation of ORS 652.355(1)(a) and 653.060.

76.  Plaintiffs seek relief pursuant to ORS 659A.870.

(Sixth Claim for Relief - OCRA)

77.  Defendants Summitt and Nelson did not comply with all of their farm labor contracts, including but not limited to contracts entered into under the Services Contract Act,  in violation of ORS 658.440(1)(d).

78.  Defendants Summitt and Nelson failed to file with the Oregon Bureau of Labor and Industries all work agreements between the defendant and plaintiffs under which plaintiffs performed labor for defendants, in violation of ORS 658.440(1)(e).

79.  Defendants Summitt and Nelson failed to furnish to plaintiffs at the time of hiring, recruiting, soliciting and/or supplying, a written disclosure setting forth the information required to be disclosed by that section, in violation of ORS 658.440(1)(f).

80.  Defendants Summitt and Nelson failed to execute a written agreement with each plaintiff at the time of hiring and prior to the performance of any work that set forth all of the information required to be disclosed by that section, in violation of ORS 658.440(1)(g).

81.  Defendants Summitt and Nelson failed to furnish to each plaintiff at the time he received compensation a written statement itemizing the total payment and amount and purpose of each deduction, in violation of ORS 658.440(1)(h).

82.  Defendants failed to provide the commissioner of the Bureau of Labor and Industries a certified true copy of all records containing all of the required information, in violation ORS

658.440(1)(i).

83.  Defendants Summitt and Nelson failed to provide workers compensation insurance to plaintiff Julio Cesar Reyes-Falcon, in violation of ORS 658.440(1)(j)(A).

84.  Defendants Summitt and Nelson failed substantially to comply with Oregon field sanitation requirements, in violation of ORS 658.440(2)(a).

85.  Defendants Summitt and Nelson failed to provide food at no charge while waiting for work to begin, in violation of ORS 658.440(2)(c).

86.  Defendants Summitt and Nelson assisted unlicensed persons to act as farm labor contractors in violation of ORS 658.440(3)(e).

87.  Defendants Summitt, Nelson, Gorgonio Ibarra-Muñoz and Ismael Ibarra-Muñoz discriminated against plaintiffs because they consulted Legal Aid Services of Oregon regarding their OCRA rights, in violation of ORS 658.452(4).

88.  Defendants Summitt and Nelson knowingly used the services of unlicensed farm labor contractors, and are therefore personally, jointly and severally liable for the actions of the other defendants under ORS 658.465.

89.  Defendants Vicente Ibarra- Muñoz, Ismael Ibarra- Muñoz, and Gorgonio Ibarra-Muñoz acted as farm labor contractors in relation to one or more of the plaintiffs without carrying or possessing a license issued by the Commissioner of the Bureau of Labor and Industries pursuant to ORS 658.405 to ORS 658.503, in violation of ORS 658.440(1)(a).

90.  Defendants Vicente Ibarra- Muñoz, Ismael Ibarra- Muñoz, and Gorgonio Ibarra-Muñoz, recruited, solicited, supplied or employed one or more of the plaintiffs without a license to act as farm labor contractors, and without a reforestation indorsement, in violation of ORS 658.410(1) and ORS 658.417(1).

91.  Plaintiffs seek relief pursuant to ORS 658.475 and 658.453.

V. PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

1.  Enter judgment in favor of each plaintiff and against Summitt and Nelson, jointly and severally, for each of their violations of the AWPA, in the amount of $500.00 or his actual damages, whichever is greater, pursuant to 29 U.S.C. §1854(c)(1);

2.  Enter judgment in favor of each plaintiff and against Vicente Ibarra- Muñoz, Ismael Ibarra- Muñoz, and Gorgonio Ibarra- Muñoz for each of their violations of the AWPA, in the amount of $500.00 or his actual damages, whichever is greater, pursuant to 29 U.S.C. §1854(c)(1);

3.  Enter judgment in favor of each plaintiff and against defendants Summitt and Nelson for violations of the FLSA, 29 U.S.C. § 206, in the amount of plaintiffs' unpaid federal minimum wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

4.  Enter judgment in favor of each plaintiff and against defendants Summitt and Nelson for their violations of ORS 652.145 in the amount of civil penalties pursuant to ORS 652.150;

5.  Enter judgment in favor of each plaintiff and against defendants Summitt and Nelson for their violations of  ORS 653.025, in the amount of their unpaid Oregon minimum wages and civil penalties pursuant to ORS 653.055(1)(a), 653.055(1)(b) and 652.150;

6.  Enter judgment in favor of each plaintiff and against defendants Summitt and Nelson for their violations of ORS 652.355(1)(a) and 653.060 in the amount of their actual and compensatory damages, pursuant to ORS 659A.885(1).

7.  Enter judgment in favor of each plaintiff and against defendants Summitt and Nelson, for each violation of OCRA, ORS 658.440(1)(i) and 658.440 (3)(e) in the amount of each

plaintiff's actual damages or statutory damages of $2,000, whichever amount is greater, pursuant to ORS 658.475;

8.  Enter judgment in favor of Julio Cesar Reyes-Falcon and against defendants Summitt and Nelson, for violating ORS 658.440(1)(j)(A), in the amount of plaintiff's actual damages or statutory damages of $2,000, whichever amount is greater, pursuant to ORS 658.475;

9.  Enter judgment in favor of each plaintiff and against defendants Summitt and Nelson, for each violation of OCRA, ORS 658.440(1)(d), 658.440(1)(e), 658.440(1)(f), 658.440(1)(g), and 658.440(1)(h) in the amount of each plaintiff's actual damages or statutory damages of $1,000, whichever amount is greater, pursuant to ORS 658.453(4);

10.  Enter judgment in favor of each plaintiff and against each of defendants Vicente Ibarra-Muñoz, Ismael Ibarra-Muñoz, and Gorgonio Ibarra-Muñoz, for each violation, in the alternative, of ORS 658.417(1) in the amount of each plaintiff's actual damages or statutory damages of $2,000 whichever is greater pursuant to ORS 658.475, or ORS 658.410 or 658.440(1)(a) in the amount of each plaintiff's actual damages or statutory damages of $1,000, whichever is greater, pursuant to ORS 658.453(4);

11.  Enter judgment in favor of plaintiffs and against defendants Summitt and Nelson, jointly and severally, for each of defendants' Vicente Ibarra-Muñoz, Ismael Ibarra-Muñoz, and Gorgonio Ibarra-Muñoz violations of OCRA, pursuant to ORS 658.411(4) and 658.453(4);

12.  Award plaintiffs their costs and reasonable attorney fees pursuant to ORS 652.200(2), 653.055(4), 658.453(4), 658.475, and 29 U.S.C. § 216(b);

13.  Enter an injunction on behalf of plaintiffs prohibiting defendants from further committing the violations of the AWPA set forth herein;

14.  Enter an injunction on behalf of plaintiffs prohibiting defendants from further

committing the violations of the OCRA set forth herein;

15. Award plaintiffs prejudgment and postjudgment interest as allowed by law;

16. Award plaintiffs such other relief as the Court deems just and proper.

Dated this 19 day of February 2013.

                                          __s/Shelley Latin_____
                                          Trial Attorney:  Shelley Latin, OSB No. 032253
                                          shelley.latin@lasoregon.org
                                          Legal Aid Services of Oregon
                                          P.O. Box 1327
                                          Pendleton, OR 97801
                                          Tel: 541-276-6685
                                          Fax: 541-276-4549

Additional Counsel

D. Michael Dale, OSB No: 771507
michaeldale@dmichaeldale.net
Law Office of D. Michael Dale
P.O. Box 1032
Cornelius, OR 97113
Tel: 503-357-8290
Fax: 503-946-3089

Erin M. Pettigrew, OSB No. 125100
erin@nwjp.org
Northwest Workers' Justice Project
812 S.W. Washington, Suite 1100
Portland, OR 97205
Tel: 503-525-8454
Fax: 503-946-3029

Brenda M. Bradley, OSB No. 060453
brenda.bradley@lasoregon.org
Legal Aid Services of Oregon
230 N.E. Second Avenue, Suite A
Hillsboro, OR 97124
Tel: 503-648-7163
Fax: 503-648-0513

Of Attorneys for Plaintiffs

Page 15 - COMPLAINT