Laurie Hoefer, OSB No. 054234
laurie.hoefer@lasoregon.org
Legal Aid Services of Oregon
397 N. First Street
Woodburn, OR 97071
Tel: 503-981-5291
Fax: 503-981-5292

(Additional Counsel Listed on Last Page)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **OSCAR CASTANEDA-ARROYO**<br>**CARLOS EDUARDO FLORES-CASTANEDA**<br>**JULIO CESAR REYES-FALCON**<br>**MANUEL ALEJANDRO SANCHEZ-MUÑOZ**<br>**FEDERICO TORRES-AVIÑA**<br>**SILVESTRE TORRES-AVIÑA**<br><br>Plaintiffs,<br><br>vs.<br><br>**SUMMITT FORESTS, INC.**, an Oregon Corporation<br>**SCOTT NELSON**<br>**VICENTE IBARRA-MUÑOZ**<br>**ISMAEL IBARRA-MUÑOZ**<br>**GORGONIO IBARRA-MUÑOZ**<br><br>Defendants. | Civil No. 13-cv-00297 CL<br><br>FIRST AMENDED COMPLAINT<br>Migrant and Seasonal Agricultural Worker Protection Act; Fair Labor Standards Act; Oregon Contractors Registration Act; Oregon Wage Laws |

I. INTRODUCTION

1. Plaintiffs were recruited by Defendants from their homes in Mexico to come to Oregon under H-2B temporary labor visas to work in reforestation. Defendants misrepresented the terms of employment, and plaintiffs were required to incur expenses in Mexico that were for the benefits

Page 1 - FIRST AMENDED COMPLAINT

of defendants. Plaintiffs were not properly paid for their work after they arrived in Oregon. They raise claims for violations of their rights under the Migrant and Seasonal Agricultural Workers Protection Act, 29 U.S.C. §§ 1801, *et seq.*, ("AWPA"); the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, ("FLSA"); the Oregon Farm and Forest Labor Contractor Registration Act, ORS 658.405, *et seq.*, ("OCRA"); and Oregon state wage laws.

## II. JURISDICTION

2. Jurisdiction over plaintiffs' claims is conferred by 28 U.S.C. §1331, this action arising under the laws of the United States; 28 U.S.C. § 1337, this action arising under an Act of Congress regulating commerce; 29 U.S.C. § 1854, this action arising under the Migrant and Seasonal Agricultural Worker Protection Act ( AWPA); and 29 U.S.C.§ 216, this action arising under the Fair Labor Standards Act (FLSA).

3. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the claims based on the laws of Oregon, as they are so related to claims within the Court's original jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

## III. PARTIES

4. At all relevant times, plaintiffs were migrant agricultural workers within the meaning of the AWPA, 29 U.S.C. § 1802(8)(A), in that they worked in agricultural employment of a seasonal or temporary nature and were required to be absent overnight from their permanent place of residence.

5. At all relevant times, plaintiffs were seasonal farmworkers within the meaning of ORS 652.145 in that they performed temporary farm or forest labor for another.

6. At all relevant times, defendant Summit Forests, Inc. (hereinafter Summit) was a California corporation authorized by the Oregon Secretary of State to do business in the state of Oregon

Page 2 - FIRST AMENDED COMPLAINT

with its principal office in Jackson County, Oregon.

7. At all relevant times, defendants Scott Nelson, Vicente Ibarra-Muñoz, Ismael Ibarra-Muñoz and Gorgonio Ibarra-Muñoz, were agents or employees of Summitt.

8. At all relevant times, defendants were farm labor contractors or engaged in farm labor contracting activities within the meaning of the AWPA, 29 U.S.C. § 1802(6) and (7), and OCRA, ORS 658.405(4).

IV. FACTS

9. Defendants employed plaintiffs to perform forestry work in and around Medford, Oregon and in various other states during 2011.

10. At all relevant times, Scott Nelson ("Nelson") was the president and/or owner of defendant Summitt.

11. At all relevant times, Vicente Ibarra-Muñoz, Ismael Ibarra-Muñoz and Gorgonio Ibarra-Muñoz, solicited, recruited, hired, furnished, employed and/or supplied one or more of the plaintiffs to perform forestry work for defendants Summitt and Nelson.

12. Defendants did not accurately ascertain and disclose to each plaintiff in writing the terms and conditions of employment at the time of each plaintiff's recruitment.

13. Among other things, defendants represented to plaintiffs that the employer would provide all tools, equipment and protective clothing needed to perform their jobs, but did not provide those items.

14. Plaintiffs did not begin work until approximately one week after arriving in Medford.

15. Each plaintiff was required to take an advance on wages to purchase boots, gloves and other tools need to perform their jobs, and food while waiting for work to begin.

16. Defendants did not furnish adequate food at no charge to plaintiffs while they waited for work to begin.

Page 3 - FIRST AMENDED COMPLAINT

17. Defendants Vicente Ibarra-Muñoz, Ismael Ibarra-Muñoz and Gorgonio Ibarra-Muñoz did not provide defendant Summitt, or any other farm labor contractor or agricultural employer to which Summitt furnished plaintiffs, copies of all records with respect to each plaintiff which defendant Summitt was required to retain under the AWPA.

18. Defendants did not provide plaintiffs with written disclosures which accurately described in Spanish all of the terms of employment required to be disclosed under AWPA and OCRA.

19. Defendants Summitt and Nelson did not make, keep, and preserve all payroll information specified in and required by the 29 U.S.C. 1821(d)(1) relating to its employment of plaintiffs.

20. Defendants Summitt and Nelson did not provide plaintiffs with a written statement for each pay period accurately reflecting all of the information required by AWPA and OCRA.

21. A part of the working arrangement between plaintiffs and defendants was a requirement that defendants pay plaintiffs the prevailing hourly wage specified by the United States Department of Labor for each hour plaintiffs worked.

22. Defendants violated the terms of the working arrangements with plaintiffs without justification, including among other things, failing to pay the prevailing wage specified by the Department of Labor for each hour of work, failing to pay for required tools and protective equipment, failing to pay return transportation, and recruiting plaintiffs for employment that did not meet the terms and conditions promised.

23. Defendants blacklisted or otherwise discriminated against each plaintiff because he contacted Legal Aid Services of Oregon regarding his legal rights under the AWPA, OCRA and wage laws.

24. Defendants deducted varying amounts from each plaintiff's wages without providing accurate disclosures regarding the purpose and amounts of said deductions.

25. Each plaintiff was required to pay approximately $600 for transportation, recruitment, food, visa fees, and other costs of travel from their homes in Mexico to Medford.

26. These costs incurred by plaintiffs were for the primary benefit or convenience of defendants.

27. These costs were not for the private benefit of the plaintiffs.

28. Defendants Summitt and Nelson did not fully refund these costs to each plaintiff in the first work week to the extent that those costs brought the plaintiffs' wages below the state or federal minimum wage or the prevailing wage set by the United Department of Labor ("prevailing wage").

29. Defendants Summitt and Nelson did not pay each plaintiff the federal minimum wage in one or more work weeks during the course of their employment.

30. Defendants Summitt and Nelson did not pay each plaintiff the Oregon minimum wage in one or more work weeks during the course of their employment.

31. Defendants Summitt and Nelson did not pay each plaintiff the prevailing wage in one or more work weeks during the course of their employment.

32. Defendants terminated each plaintiff's employment on or about September 19, 2011.

33 Defendants Summitt and Nelson did not pay each plaintiff all earned and unpaid wages immediately or within 48 hours of the termination of plaintiff's employment with defendant.

34. Defendants Summitt and Nelson did not pay each plaintiff's return transportation at the termination of his employment.

35. At all relevant times, defendants Vicente Ibarra-Muñoz, Ismael Ibarra-Muñoz and Gorgonio Ibarra-Muñoz, did not carry or possess a valid farm labor contractor license issued to each of them by the Commissioner of the Oregon Bureau of Labor and Industries pursuant to ORS 658.410.

36. At all relevant times, Vicente Ibarra-Muñoz, Ismael Ibarra-Muñoz and Gorgonio Ibarra-Muñoz were not licensed as farm labor contractors subject to an employee indorsement pursuant to ORS 658.411.

37. At all relevant times, Vicente Ibarra-Muñoz, Ismael Ibarra-Muñoz and Gorgonio Ibarra-Muñoz were not licensed as farm labor contractors subject to a reforestation indorsement pursuant to ORS 658.417(1).

38. At all relevant times, defendants Summitt and Nelson knowingly used Vicente Ibarra-Muñoz, Ismael Ibarra-Muñoz and Gorgonio Ibarra-Muñoz to perform farm labor contracting activities.

39. At all relevant times, defendants Summitt and Nelson assisted Vicente Ibarra-Muñoz, Ismael Ibarra-Muñoz and Gorgonio Ibarra-Muñoz to act as unlicensed farm labor contractors.

40. Defendants did not furnish to plaintiffs at the time of hiring, recruiting, soliciting or supplying plaintiffs for employment, a written statement in English and Spanish that contained the information required by ORS 658.440(1)(f), including but not limited to, an accurate description of the terms and conditions of employment.

41. At the time of hiring and prior to plaintiffs performing any work, defendants did not execute a written agreement with plaintiffs in English and Spanish that contained the information required by ORS 658.440(1)(f), including but not limited to, an accurate description of the terms and conditions of employment.

42. Defendants Summit and Nelson did not substantially comply with requirements to provide field sanitation facilities including but not limited to failing to provide required access to toilets.

43. During his employment Julio Cesar Reyes-Falcon suffered an on-the-job injury or work-related illness.

44. Defendants Summitt and Nelson did not provide plaintiff Julio Cesar Reyes-Falcon workers' compensation benefits for his on-the-job injury or work-related illness.

45. During the course of their employment, plaintiffs worked on products that were produced for movement in interstate commerce or for incorporation as an ingredient in products that could be anticipated to move in interstate commerce.

46. Defendants did not obtain at each place of employment and make available for inspection to plaintiffs, a written statement of the terms and conditions of the employment as described in section 29 U.S.C. § 1821(b).

47. On or about February 19, 2013, plaintiffs timely filed a complaint with the commissioner of the Oregon Bureau of Labor and Industries regarding the OCRA violations alleged in this complaint.

48. Pursuant to 29 U.S.C. § 1854(c)(2), plaintiffs attempted in good faith to resolve the issues in dispute without litigation.

49. Defendants' violations were intentional under the AWPA, 29 U.S.C. § 1854(c)(1).

50. Plaintiffs will continue to work seasonally in agriculture and would be willing to work for defendants if defendants comply with applicable laws, and therefore, will suffer harm unless defendants are enjoined from future law violations, and seek injunctive relief to prevent future violations, pursuant to 29 U.S.C. § 1854(c) and ORS 658.475.

51 As a result of defendants' violations of the AWPA, OCRA, FLSA, and Oregon wage and anti-retaliation laws, plaintiffs have suffered damages for which they are entitled to recover.

## V. CLAIMS FOR RELIEF

( First Claim for Relief - AWPA)

52. Defendants Summitt and Nelson failed at the time of recruitment to ascertain and disclose all terms and conditions of employment to plaintiffs, in violation of 29 U.S.C. § 1821(a) and attendant regulations.

53. Defendants Summitt and Nelson did not make, keep, and preserve the payroll information required by the AWPA relating to its employment of plaintiffs, in violation of 29 U.S.C. § 1821(d)(1) and attendant regulations.

54. Defendants Summitt and Nelson did not provide plaintiffs with a written statement for each

pay period with all the information required by 29 U.S.C. § 1821(d)(1), in violation of 29 U.S.C. § 1821(d)(2) and its attendant regulation, 29 C.F.R. § 500.80(d).

55. Defendants Vicente Ibarra-Muñoz, Ismael Ibarra-Muñoz and Gorgonio Ibarra-Muñoz did not provide to any other farm labor contractor or agricultural employer to which defendants furnished plaintiffs, copies of all records with respect to each plaintiff which such farm labor contractor or agricultural employer was required to retain, in violation of 29 U.S.C. § 1821(e).

56. Defendants Summitt and Nelson did not provide each plaintiff with all required written disclosures in the language in which they are fluent, in violation of 29 U.S.C. § 1821(g).

57. Defendants Summitt and Nelson did not pay each plaintiff his wages when due, in violation of 29 U.S.C. § 1822(a) and its attendant regulation, 29 C.F.R. § 500.81.

58. Defendants Summitt and Nelson violated, without justification, the terms of the working arrangements with plaintiffs, in violation of 29 U.S.C. §1822(c).

59. Defendants blacklisted or otherwise discriminated against plaintiffs, in violation of 29 U.S.C. § 1855(a).

60. Defendants Summitt and Nelson failed to obtain at each place of employment and make available for inspection to plaintiffs, a written statement of the terms and conditions of the employment as described in section 29 U.S.C 1821(b), in violation of 29 U.S.C. § 1843.

61. Plaintiffs seek relief pursuant to 29 U.S.C. § 1854.

(Second Claim for Relief - FLSA)

62. Defendants Summitt and Nelson failed to pay plaintiffs the federal minimum wage in one or more pay periods, in violation of 29 U.S.C. § 206(a)(1).

63. Defendants Summitt and Nelson did not fully refund to each plaintiff the costs that the plaintiff incurred for the benefit of defendants in coming to Oregon to work during the first pay period to the extent such costs caused that plaintiff's wages to fall below the minimum required

Page 8 - FIRST AMENDED COMPLAINT

by FLSA.

64. Plaintiffs seek relief pursuant to 29 U.S.C. § 216(b).

(Third Claim for Relief - Oregon Minimum Wage)

65. Defendants Summitt and Nelson failed to pay each plaintiff the Oregon minimum wage in one or more pay periods, in violation of ORS 653.025.

66. Defendants Summitt and Nelson did not refund to each plaintiff the costs that the plaintiff incurred in coming to Oregon to work that were not for the plaintiff's private benefit during the first pay period to the extent such costs caused that plaintiff's wages to fall below the minimum required by Oregon minimum wage law.

67. Plaintiffs seek relief pursuant to ORS 653.055.

(Fourth Claim for Relief - Oregon Wage Law)

68. Defendants Summitt and Nelson failed to pay plaintiffs all of their earned and unpaid wages immediately or within 48 hours of the end of plaintiffs' employment with defendants, in violation of ORS 652.145.

69. Plaintiffs seek relief pursuant to ORS 652.150.

(Fifth Claim for Relief - Oregon Wage Claim Anti-Discrimination Law)

70.. Defendants discriminated against each plaintiff because he discussed, inquired about or consulted an attorney about a wage claim, in violation of ORS 652.355(1)(a) and 653.060.

71. Plaintiffs seek relief pursuant to ORS 659A.885.

(Sixth Claim for Relief - OCRA)

72. Defendants Summitt and Nelson did not promptly pay all money or other things of value due to plaintiffs in violation of ORS 658.440(1)(c).

73. Defendants Summitt and Nelson did not comply with all of their farm labor contracts, including but not limited to contracts entered into under the Services Contract Act, in violation of

Page 9 - FIRST AMENDED COMPLAINT

ORS 658.440(1)(d).

74. Defendants Summitt and Nelson did not furnish to plaintiffs at the time of hiring, recruiting, soliciting and/or supplying, a written disclosure setting forth the information required to be disclosed by that section, in violation of ORS 658.440(1)(f).

75. Defendants Summitt and Nelson did not execute a written agreement with each plaintiff at the time of hiring and prior to the performance of any work that set forth all of the information required to be disclosed by OCRA, in violation of ORS 658.440(1)(g).

76. Defendants Summitt and Nelson did not furnish to each plaintiff at the time he received compensation a written statement that complied with the requirements described in ORS 658.440(1)(h), in violation of ORS 658.440(1)(h).

77. Defendants Summitt and Nelson failed to provide workers compensation insurance to plaintiff Julio Cesar Reyes-Falcon, in violation of ORS 658.440(1)(j)(A).

78. Defendants Summitt and Nelson failed substantially to comply with Oregon field sanitation requirements, in violation of ORS 658.440(2)(a).

79. Defendants Summitt and Nelson failed to provide food at no charge while waiting for work to begin, in violation of ORS 658.440(2)(c).

80. Defendants Summitt and Nelson assisted unlicensed persons to act as farm labor contractors in violation of ORS 658.440(3)(e).

81. Defendants Summitt, Nelson, Vicente Ibarra- Muñoz, Gorgonio Ibarra-Muñoz and Ismael Ibarra-Muñoz discriminated against plaintiffs because they consulted Legal Aid Services of Oregon regarding their OCRA rights, in violation of ORS 658.452(4).

82. Defendants Summitt and Nelson knowingly used the services of unlicensed farm labor contractors, and are therefore personally, jointly and severally liable for the actions of the other defendants under ORS 658.465.

83. Defendants Vicente Ibarra- Muñoz, Ismael Ibarra- Muñoz, and Gorgonio Ibarra- Muñoz acted as farm labor contractors in relation to one or more of the plaintiffs without carrying or possessing a license issued by the Commissioner of the Bureau of Labor and Industries pursuant to ORS 658.405 to ORS 658.503, in violation of ORS 658.440(1)(a).

84. Defendants Vicente Ibarra- Muñoz, Ismael Ibarra- Muñoz, and Gorgonio Ibarra- Muñoz, recruited, solicited, supplied or employed one or more of the plaintiffs without a license to act as farm labor contractors, and without a reforestation indorsement, in violation of ORS 658.410(1) and ORS 658.417(1).

85. Plaintiffs seek relief pursuant to ORS 658.475 and 658.453.

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

1. Enter judgment in favor of each plaintiff and against Summitt and Nelson, jointly and severally, for each of their violations of the AWPA, in the amount of $500.00 or his actual damages, whichever is greater, pursuant to 29 U.S.C. §1854(c)(1);

2. Enter judgment in favor of each plaintiff and against Vicente Ibarra- Muñoz, Ismael Ibarra- Muñoz, and Gorgonio Ibarra- Muñoz for each of their violations of the AWPA, in the amount of $500.00 or his actual damages, whichever is greater, pursuant to 29 U.S.C. § 1854(c)(1);

3. Enter judgment in favor of each plaintiff and against defendants Summitt and Nelson for violations of the FLSA, 29 U.S.C. § 206, in the amount of plaintiffs' unpaid federal minimum wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

4. Enter judgment in favor of each plaintiff and against defendants Summitt and Nelson for their violations of ORS 652.145 in the amount of civil penalties pursuant to ORS 652.150;

5. Enter judgment in favor of each plaintiff and against defendants Summitt and Nelson for their violations of ORS 653.025, in the amount of their unpaid Oregon minimum wages and civil

penalties pursuant to ORS 653.055(1)(a), 653.055(1)(b) and 652.150;

6. Enter judgment in favor of each plaintiff and against defendants Summitt and Nelson for their violations of ORS 652.355(1)(a) and 653.060 in the amount of their actual and compensatory damages, pursuant to ORS 659A.885(1).

7. Enter judgment in favor of each plaintiff and against defendants Summitt and Nelson, for each violation of OCRA, ORS 658.440(1)(i) and 658.440 (3)(e) in the amount of each plaintiff's actual damages or statutory damages of $2,000, whichever amount is greater, pursuant to ORS 658.475;

8. Enter judgment in favor of Julio Cesar Reyes-Falcon and against defendants Summitt and Nelson, for violating ORS 658.440(1)(j)(A), in the amount of plaintiff's actual damages or statutory damages of $2,000, whichever amount is greater, pursuant to ORS 658.475;

9. Enter judgment in favor of each plaintiff and against defendants Summitt and Nelson, for each violation of OCRA, 658.440(1)(c), 658.440(1)(d), 658.440(1)(f), 658.440(1)(g), 658.440(1)(h), 658.440(2)(a) and 658.440(2)(c) in the amount of each plaintiff's actual damages or statutory damages of $1,000, whichever amount is greater, pursuant to ORS 658.453(4);

10. Enter judgment in favor of each plaintiff and against each of defendants Vicente Ibarra-Muñoz, Ismael Ibarra-Muñoz, and Gorgonio Ibarra-Muñoz, for each violation, in the alternative, of ORS 658.417(1) in the amount of each plaintiff's actual damages or statutory damages of $2,000, whichever is greater pursuant to ORS 658.475, or ORS 658.410 or ORS 658.440(1)(a) in the amount of each plaintiff's actual damages or statutory damages of $1,000, whichever is greater, pursuant to ORS 658.453(4);

11. Enter judgment in favor of each plaintiff and against each of defendants for their violations of ORS 658.452 in the amount of each plaintiff's actual damages or statutory damages of $1,000, whichever amount is greater, pursuant to ORS 658.453(4);

12. Enter judgment in favor of plaintiffs and against defendants Summitt and Nelson, jointly and severally, for each of defendants Vicente Ibarra-Muñoz, Ismael Ibarra-Muñoz, and Gorgonio Ibarra-Muñoz violations of OCRA, pursuant to ORS 658.465(1), ORS 658.411(4) and 658.453(4);

13. Award plaintiffs their costs and reasonable attorney fees pursuant to ORS 652.200(2), 653.055(4), 658.453(4), 658.475, and 29 U.S.C. § 216(b);

14. Enter an injunction on behalf of plaintiffs prohibiting defendants from further committing the violations of the AWPA set forth herein;

15. Enter an injunction on behalf of plaintiffs prohibiting defendants from further committing the violations of the OCRA set forth herein;

16. Award plaintiffs prejudgment and postjudgment interest as allowed by law;

17. Award plaintiffs such other relief as the Court deems just and proper.

Dated this 31st day of May, 2013.

      __s/Laurie Hoefer_____
      Laurie Hoefer, OSB No. 054234
      laurie.hoefer@lasoregon.org
      Legal Aid Services of Oregon
      397 N. First Street
      Woodburn, OR 97071
      Tel: 503-981-5291
      Fax: 503-981-5292

Additional Counsel

D. Michael Dale, OSB No. 771507
michaeldale@dmichaeldale.net
Law Office of D. Michael Dale
P.O. Box 1032
Cornelius, OR 97113
Tel: 503-357-8290
Fax: 503-946-3089

Erin M. Pettigrew, OSB No. 125100

Page 13 - FIRST AMENDED COMPLAINT

erin@nwjp.org
Northwest Workers' Justice Project
812 S.W. Washington, Suite 1100
Portland, OR 97205
Tel: 503-525-8454
Fax: 503-946-3029

Brenda M. Bradley, OSB No. 060453
brenda.bradley@lasoregon.org
Legal Aid Services of Oregon
230 N.E. Second Avenue, Suite A
Hillsboro, OR 97124
Tel: 503-648-7163
Fax: 503-648-0513

Shelley Latin, OSB No. 032253
shelley.latin@lasoregon.org
Legal Aid Services of Oregon
P.O. Box 1327
Pendleton, OR 97801
Tel: 541-276-6685
Fax: 541-276-4549

Of Attorneys for Plaintiffs