IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**OSCAR CASTANEDA-ARROYO**
**CARLOS EDUARDO FLORES-CASTANEDA**
**JULIO CESAR REYES-FALCON**
**MANUEL ALEJANDRO SANCHEZ-MUÑOZ**
**FEDERICO TORRES-AVIÑA**
**SILVESTRE TORRES-AVIÑA**

Civil No. 13-cv-00297 CL

CONSENT JUDGMENT

        Plaintiffs,

   vs.

**SUMMITT FORESTS, INC.**, an Oregon
Corporation
**SCOTT NELSON**
**VICENTE IBARRA-MUÑOZ**
**ISMAEL IBARRA-MUÑOZ**
**GORGONIO IBARRA-MUÑOZ**

        Defendants.

Plaintiffs have asserted claims which Defendants have denied. The parties to this action

have agreed to this entry of a consent judgment on the terms contained herein. All items are as

interpreted by the applicable laws, regulations and case law at the time of entry of this order and

not intended to be more expansive than legally required.

IT IS HEREBY ORDERED AND ADJUDGED:

1.     Effective September 1, 2013, Defendants Summitt Forests, Inc. and Scott Nelson

(hereinafter "Summitt") shall comply with the Migrant and Seasonal Agricultural Workers

Protection Act, 29 USC 1801, et seq., ("AWPA"), the Fair Labor Standards Act ("FLSA"), 29

USC 201 et seq., and Chapters 652, 653 and 658 of the Oregon Revised Statutes, including, but

not limited to, the following specific requirements in the case of any employment or labor

contracting activities with any seasonal or migrant agricultural worker, such as forestry workers:

Page 1 - CONSENT JUDGMENT
DWT 22615087v2 0097702-000001

(i)     Give to each worker accurate written disclosures concerning the terms and conditions of employment as required by 29 U.S.C. 1821 (a) and ORS 658.440 (1)(f) and (g) in the time period described by state and federal statutes including a statement indicating whether workers' compensation benefits are provided, and if provided, the name of the workers' compensation carrier, the name of the insurance policy, the name and telephone number to be contacted in case of injury or death and the time limit for giving notice upon injury or death; the costs to the worker of any housing benefits provided; information as to the specific wage rates to be paid and the method of computing the rate of compensation, including applicable prevailing wages for each task in each location; the terms and conditions of any loan, the terms regarding the provision or purchase of any required protective equipment; and the name and address of the owner of operations where the workers will be working.  To the extent that any of the matters required to be disclosed are not known at the time disclosure is required, Summitt shall make accurate disclosures of what is known at the time, and provide further amended disclosures at the start of each new job to the extent additional information is known.

(ii)    Make and keep records including the name; permanent address; the basis on which wages are paid, including all applicable prevailing wages; the pay period; the total pay period earnings; the specific sums withheld and the purpose of each sum withheld; and the net pay required by 29 U.S.C. 1821 (d)(1);

(iii)   Properly record and compensate all compensable hours worked, specifically including time spent traveling between work sites and time engaged to be waiting at work;

(iv)    Provide a written statement at each pay period that sets forth the following information: the name, address and employer identification number of the employer; the name,

permanent address of the worker; the rates of pay for all hours worked during the pay period; the

number of hours worked during the pay period; the specific sums withheld and the purpose of

each sum withheld; and if work is done under the Service Contracts Act (41 USC 351 - 401) or

related federal or state law, a written statement of any applicable prevailing wage as required by

29 U.S.C. 1821(d)(2) and 29 CFR 500.75and 658.440 (1)(h).

> (v)    Pay each and every worker when due at least any applicable prevailing

wage for all compensable hours worked in a given work week;

> (vi)    Ensure that each worker is reimbursed for the reasonable inbound travel

costs they incurred for the benefit of the employer coming to work for the employer and

reimburse such costs by the end of the first pay period  to the extent that their wages during the

first pay period do not fall below the state or federal minimum wage;

> (vii)    Furnish to each worker, at no charge, lodging and an adequate supply of

food until employment begins when such worker is recruited or solicited to travel from one place

to another for the purpose of working at a time prior to the availability of employment, as

required by ORS 658.440 (2) (c);

> (viii)    Substantially comply with the field sanitation provisions of ORS 654.174

including providing workers potable drinking water with disposable cups and toilet facilities;

> (ix)    Comply with any applicable provisions of the Service Contracts Act.

2.    This injunction is made in favor of all plaintiffs in this action, as well as in favor

of any reforestation worker not a party to this action who in the future works for, or is recruited

by, any persons subject to its terms.  Any such person may enforce obedience to this Consent

Judgment by the same process as if he or she were a party, pursuant to FRCP 71 after first

providing 60 days' notice to Summitt and an opportunity to cure any alleged violation.

3.      In accordance with the parties' Settlement Agreement providing for the recovery of damages, the Court expressly retains jurisdiction over this action until December 31, 2014 for the purposes of enforcing the provisions of the injunctive relief of this Consent Judgment and dismisses the damage claims of the Plaintiffs with prejudice.

4.      This consent judgment shall expire on December 31, 2014.

DATED this _____ day of _____, 2013.

_____

United States District Judge

The Undersigned parties acknowledge their consent to entry of judgment:

_____        10/23/13
Scott Nelson                                                            Date

_____        10/23/13
Summitt Forests, Inc.                                               Date

By:(Name and Title) Scott Nelson, pres

PRESENTED BY:

_____        11/13/2013
Laurie Hoefer                                                        Date
Of Counsel for the Plaintiffs

_____        10/17/13
Blake Robinson                                                    Date
Of Counsel for Defendants